UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>KASHAJUAN KALIL LYVERS,<br><br>Defendant. | CRIMINAL ACTION NO. 5:19-197-KKC-EBA-1<br><br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion to suppress evidence. For the reasons stated below, the Court denies Defendant's motion.

## Background

On the evening of October 2, 2019, Detective Lucas Valdez of the Lexington-Fayette Urban County Government Police Department was monitoring Defendant Kashajuan Kalil Lyvers. (DE 17-1 at 1-2.) Police considered Defendant to be a suspect in recent shootings, and he was known to law enforcement to be frequently armed. (DE 22 at 1-2.) When Defendant left his home in a vehicle, Detective Valdez followed him, and reported to Officers Phillip Johnson and Joseph Lusardi that he had observing Defendant proceed through a stop sign without stopping. (DE 17-1 at 2.) Officers Johnson and Lusardi initiated a traffic stop. (DE 17-1 at 2.)

As he approached the passenger side of Defendant's vehicle, Officer Johnson instructed Defendant to roll down the windows and turn off the car. (DE 17-1 at 2.) Defendant rolled down the back passenger side window and partially rolled down the front driver side

1

and passenger side windows, and turned off the car. (DE 17-1 at 2; DE 22 at 2-3.) However, a few moments later, Defendant rolled the passenger side windows back up and restarted the car. (DE 17-1 at 2.) The officers instructed Defendant to roll the windows back down, turn off the vehicle, and exit the vehicle. (DE 17-1 at 3; DE 22 at 3-4.) When Defendant fails to comply (DE 22 at 3-4), Officer Lusardi begins to attempt to remove Defendant from the vehicle (DE 17-1 at 3); Officer Johnson, still standing on the passenger side of the vehicle, unsuccessfully attempts to open the locked back passenger side door, and then breaks the front passenger side window (DE 17-1 at 3; DE 22 at 3). As Officer Lusardi and Detective Valdez try and remove Defendant from the vehicle, Officer Johnson tases him through the now-broken front passenger side window. (DE 17-1 at 3.) The officers eventually pull Defendant from the car and put him to the ground; as the officers attempt to handcuff Defendant, Officer Johnson tases him again. (DE 17-1 at 3-4; DE 22 at 4.) The officers eventually handcuff Defendant and a subsequent search of his person produces a bag of fentanyl and two cell phones. (DE 22 at 4.) The officers then searched the vehicle, discovering a gun in the center console. (DE 17-1 at 4; DE 22 at 4.)

On November 20, 2019, the grand jury returned an indictment charging Defendant with one count each of possession with intent to distribute fentanyl, a Schedule II controlled substance; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. (DE 1.) On January 6, 2020, Defendant filed a motion to suppress all evidence seized by the officers. (DE 14.)[1] The Court held a hearing on the motion on January 27, 2020.

---

[1] Defendant filed a subsequent motion to amend the initial motion to suppress, which the Court granted. (DE 15; DE 16; DE 17.)

## Analysis

### I. Standard

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Evidence obtained in violation of the Fourth Amendment generally may not be used at trial. *Herring v. United States*, 555 U.S. 135, 139-41 (2009). Under Supreme Court precedent, this "exclusionary rule encompasses both the primary evidence obtained as a direct result of an illegal search or seizure and… evidence later discovered and found to be derivative of an illegality, the so called 'fruit of the poisonous tree.'" *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) (citation and some internal quotation marks omitted). In seeking suppression of evidence, a defendant has the burden to prove a violation of his or her rights. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).

### II. Discussion

#### *A. The traffic stop*

The initial traffic stop was not a violation of Defendant's Fourth Amendment rights. Kentucky state law requires motorists to stop at stop signs, KRS § 189.330, and "[a]n officer may stop and detain a motorist so long as the officer has probable cause to believe that the motorist has violated a traffic law," *United States v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009).

#### *B. Removing Defendant from the vehicle*

During an "ordinary traffic stop… any subsequent detention after the initial stop must not be excessively intrusive in that the officer's actions must be reasonably related in scope to circumstances justifying the initial interference." *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). Under this principle, "[t]o detain the motorist any longer than is reasonably necessary to issue the traffic citation… the officer must have reasonable suspicion that the

individual has engaged in more extensive criminal conduct." *United States v. Townsend*, 305 F.3d 537, 541 (6th Cir. 2002).

Under Kentucky state law, it is a Class A misdemeanor for a person, "[w]hile operating a motor vehicle with intent to elude or flee," to "knowingly or wantonly disobey[] a recognized direction to stop his vehicle, given by a person recognized to be a peace officer." KRS § 520.100 ("Fleeing or evading police in the second degree"). An attempt to commit a misdemeanor is a Class B misdemeanor. KRS § 506.010.[2] The Court finds that Defendant restarting the vehicle and rolling the passenger side windows back up, along with his general failure to comply with the officers' instructions during the traffic stop,[3] gave the officers probable cause to believe that he was, at the very least, about to commit the offense of attempt to flee or evade police in the second degree. *See United States v. Anderson*, 923 F.2d 450, 456 (6th Cir. 1991) ("Probable cause exists when a 'man of reasonable caution,' [*Dunaway v. New York*, 442 U.S. 200, 208 n. 9 (1979)] would be warranted in the belief that the person arrested had or will commit a crime.") "A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Therefore, even assuming that the officers removing Defendant from the vehicle was a full custodial arrest, it was not a violation of his Fourth Amendment rights.

### C. Search of Defendant's person

The search of Defendant's person was not a violation of Defendant's Fourth Amendment rights. Once the officers arrested Defendant, they could lawfully search him

---

[2] Under KRS § 506.010, "[a] person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he… [i]ntentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime," provided that the "act or omission… leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting."

[3] Officers can lawfully order a driver out of a vehicle if the vehicle has been lawfully detained for a traffic violation. *Arizona v. Johnson*, 555 U.S. 323, 331 (2009).

4

incident to that arrest. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009); *United States v. Robinson*, 414 U.S. 218, 236 (1973) ("it is the fact of the custodial arrest which gives rise to the authority to search").

## *D. Search of the vehicle*

The search of the vehicle was not a violation of Defendant's Fourth Amendment rights. "[O]fficers may search an automobile without having obtained a warrant so long as they have probable cause to do so." *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018). Such a search may extend to anywhere in the vehicle that the officers "have probable cause to believe contraband or evidence is contained," including any containers within the vehicle. *California v. Acevedo*, 500 U.S. 565, 580 (1991). The officers discovering the drugs on Defendant's person was sufficient to provide probable cause for the search.

## **Conclusion**

Accordingly, the Court hereby ORDERS that Defendant's motion to suppress (DE 17) is DENIED.

Dated February 4, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY