UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  V.  KASHAJUAN KALIL LYVERS,  Defendant. | CRIMINAL NO. 5:19-197-KKC  OPINION & ORDER |

*** *** ***

This matter is before the Court on Defendant's motion for a separate trial. For the reasons stated below, the Court denies Defendant's motion.

## Background

On the evening of October 2, 2019 Defendant Kashajuan Kalil Lyvers was stopped by officers with the Lexington-Fayette Urban County Government Police Department when he drove past a stop sign without stopping. During the course of the traffic stop, officers forcibly removed Defendant from his vehicle and searched Defendant's person and vehicle, finding fentanyl and a gun. On November 20, 2019 the grand jury returned an indictment charging Defendant with one count each of possession with intent to distribute fentanyl, a Schedule II controlled substance; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. (DE 1.)

On January 8, 2020 Defendant filed a motion for separate trials pursuant to FED. R. CRIM. P. 14, requesting that he be tried on Count 3 of the indictment – possession of a firearm by a convicted felon – separately from Counts 1 and 2. (DE 18.)

1

## Analysis

Under Rule 14 ("Relief from Prejudicial Joinder"), "[i]f the joinder of offenses or defendants in an indictment… appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Defendant argues that his prior convictions for trafficking in a controlled substance and for a firearm offense – relevant, obviously, to Count 3, the felon in possession charge – "are nearly, if not totally, identical to the [other] charges under which he is currently indicted," and, therefore, that "[p]ermitting the jury to hear evidence that Kashajuan is a convicted felon is prejudicial to their determination of his guilt or innocence on Counts 1 and 2 of the indictment." (DE 18-1 at 2.)

Defendant's arguments are insufficient to compel the Court to order a separate trial for Count 3. As an initial matter, and as the government highlights (DE 24 at 2-3), Defendant may choose to stipulate to his prior felony convictions.[1] *See, e.g., United States v. Rice*, No. 2:09-CR-68-DCR, 2013 WL 1636048, at *2 (E.D. Ky. Apr. 16, 2013). As this Court has noted, "[t]here are sound strategy reasons for stipulating" to a defendant's prior conviction when he or she is charged with being a felon in possession of a firearm. *Id.* at 3. If Defendant so stipulates, he could largely avoid the prejudice about which he is concerned. *See United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007) ("stipulation of a prior felony minimizes the possibility of any prejudice based on the subject matter of the prior crime"). However, even if Defendant chooses not to stipulate to his prior convictions, the Court can instruct the jury, for example, that its decision on one charge should not influence its decision on another

---

[1] 18 U.S.C. § 922(g)(1), the statute that Count 3 of the indictment charges Defendant with having violated, specifies merely that, "[i]t shall be unlawful for any person who has been convicted in any court of *a crime* punishable by imprisonment for a term exceeding one year… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce" (emphasis added).

charge, and the proper purposes for which evidence of the prior convictions may be considered. "[A] jury is presumed capable of considering each count separately, and any prejudice may be cured by limiting instructions." *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002) (citations and internal quotation marks omitted).

## Conclusion

Accordingly, the Court hereby ORDERS that Defendant's motion for a separate trial (DE 18) is DENIED.

Dated February 25, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY